UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S., | ) |
| Plaintiff, | ) |
| | ) No. 20-cv-3866 |
| v. | ) |
| | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph S.[1] ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under the Social Security Act. The Parties have filed cross motions for summary judgment. For the reasons detailed below, Plaintiff's Motion for Summary Judgment (dkt. 22) is GRANTED and Defendant's motion (dkt. 28) is DENIED. The case is remanded for further proceedings consistent with this opinion.

**1. Background**

On December 30, 2016, Plaintiff filed a claim for disability insurance benefits with an alleged onset date of December 1, 2016. (Administrative Record ("R.") R. 79.) On November 15, 2018, Plaintiff also filed an application for supplemental security income, alleging the same onset date. (*Id.*) The claims were denied initially and upon reconsideration, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Subsequently, on April 4, 2019, the ALJ issued an unfavorable decision finding Plaintiff not disabled under the Act. (R. 79-93.) The Appeals Council denied Plaintiff's request for review on March 4, 2020, (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

621, 626 (7th Cir. 2005). Plaintiff, through counsel, filed the instant action on July 1, 2020, seeking review of that decision. (Dkt. 1.)

The ALJ's decision followed the familiar five-step analytical process required by 20 C.F.R. § 416.920. At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 1, 2016. (R. 82.) At Step Two, the ALJ concluded that Plaintiff had the severe impairment of chronic pain syndrome ("CPS"). (*Id.*) The ALJ determined that Plaintiff's skin rash; tinnitus and hearing loss; allergies; hypertension; and depression were nonsevere. (R. 82-84.) At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of a listed impairment. (R. 85-86.) The ALJ next found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following restrictions: no climbing ladders, ropes or scaffolds; occasional bilateral overhead reaching, climbing ramps or stairs, balancing, stooping, crouching, and kneeling but no crawling; no work at unprotected heights or work around hazardous machinery; no commercial driving; avoidance of concentrated exposure to extreme cold, heat, humidity, wetness, pulmonary irritants, vibration, loud noise (*i.e.*, construction level); and "only occasional communication such as telephone communication or requirement for fine hearing." (R. 86-90.) At Step Four, the ALJ concluded Plaintiff was unable to perform his past relevant work. (R. 91.) At Step Five, the ALJ found that other jobs in the national economy exist that Plaintiff can perform, considering his age, education, work experience, and RFC. (R. 91-93.) These findings led to the conclusion that Plaintiff is not disabled as defined by the Social Security Act. (R. 93.)

2. **Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir.

2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

**3.  Discussion**

In her summary judgment motion, Plaintiff argues, *inter alia*, the ALJ improperly assessed his depression at Step Two of her analysis, finding it a nonsevere impairment, leading to a faulty RFC determination. (Dkt. 23, pp. 18-20; Dkt. 33, p. 1-2.) The Court agrees.

In her decision, instead of crediting the opinions of Plaintiff's pain management physician and mental health providers, the ALJ's gave great weight to a December 2017 State Agency opinion finding Plaintiff's mental impairments to be nonsevere. However, the State Agency doctor reviewed Plaintiff's records at a time before two psychiatric hospitalizations in December 2018 and ongoing suicidal ideation reported in January 2019. (R. 868, 884-84, 888.) Post-December 2017, Plaintiff was also diagnosed multiple times with severe depression/major depressive disorder. (R. 511-12, 530, 873, 893.)

Much like the Seventh Circuit in *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016), the ALJ was incorrect when she rejected Plaintiff's depression as a severe impairment. While a Step Two determination is "a *de minimis* screening for groundless claims" intended to exclude slight abnormalities that only minimally impact a claimant's basic activities, it too strikes the Court here as "nonsensical" that a diagnosis of severe depression/major depressive disorder could be classified by the ALJ as a nonsevere

3

impairment. *O'Connor-Spinner*, 832 F.3d at 697 (citation omitted). Specifically, the *O'Connor-Spinner* court held:

> [H]ere the ALJ decided that "major depression, recurrent *severe*" isn't a severe impairment based on the opinions of two state-agency psychologists who did not even examine, let alone treat, O'Connor-Spinner. That determination is not supported by substantial evidence and, indeed, strikes us as nonsensical given that the diagnosis, by definition, reflects a practitioner's assessment that the patient suffers from "clinically significant distress or impairment in social, occupational, or other important areas of functioning." We have not found a published opinion from any circuit in which an ALJ declared that major depression was not a severe impairment, although two unpublished decisions soundly reject this assertion. Rather than relying on the guidance of professionals and evidence from O'Connor-Spinner's treating sources, the ALJ "played doctor" by substituting his opinion for their medical judgment.

*O'Connor-Spinner*, 832 F.3d at 697 (citing Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders*, p. 679-80 (4th ed. text revision 2000); other citations omitted) (emphasis in original).

While the ALJ here did indeed acknowledge Plaintiff's history of suicide attempts, depressive symptoms, and mental struggles (including providing a three-page history of the same), the ALJ relied on an outdated, consultative medical opinion to determine that Plaintiff's "mental impairments result in no more than mild limitations." (R. 83.) The ALJ erroneously relied on this opinion over Plaintiff's treating sources who found his mental health, by definition, to pose more than a mild limitation in his functioning. *See O'Connor-Spinner*, 832 F.3d at 697. Not only did a treating psychiatrist describe Plaintiff's "history of self-injurious behavior" stemming from his depression as "very maladaptive," but Plaintiff's pain management doctor indicated Plaintiff's depression affects his physical condition, and that his pain and other symptoms would constantly interfere with his attention and concentration needed to perform simple work tasks. (R. 684-93, 868.) The Court finds the medical record and Plaintiff's testimony demonstrates that his depression had a greater than minimal impact on his daily activities.[2] Hence, the Court believes the ALJ made an error in her Step Two assessment, and that Plaintiff successfully met the

---

[2] Plaintiff also argues that while the ALJ found Plaintiff's CPS diagnosis to be a severe impairment, she failed to address the known interplay between CPS and depression. (Dkt. 23, p. 14.) *See, e.g.,* https://my.clevelandclinic.org/health/diseases/4798-chronic-pain (last visited April 19, 2022). Although the Court has not analyzed it in any detail, this argument is certainly facially compelling in light of the ALJ's findings.

4

*de minimis* threshold showing his anxiety and depression were severe.

Because the ALJ discounted Plaintiff's depression at Step Two of her analysis, she did not take into account any effects which the disorder might have on Plaintiff's ability to maintain employment. *See O'Connor-Spinner*, 832 F.3d at 697. Had the ALJ properly found Plaintiff's "severe depression" to be a severe impairment at Step Two, she would have been required to fully explore the restrictions caused by Plaintiff's depression, which she did not do. *Id*; *see*, *also*, *Desiree B. v. Saul*, 2019 WL 6130814, at *3 (N.D. Ill. Nov. 19, 2019) ("it is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe") (collecting cases).

However, an error at Step Two does not necessarily create a reversible error, provided the ALJ proceeds with the five-step analysis, analyzes the Paragraph B criteria in Step 3, and then considers both the severe and non-severe impairments, the objective medical evidence, and symptoms, when determining the RFC. *Curvin v. Colvin*, 778 F.3d 645, 649 (7th Cir. 2015) (holding "even if there were such an error at step 2, it would have been harmless because the ALJ properly considered all of Curvin's severe and non-severe impairments, the objective medical evidence, her symptoms, and her credibility when determining her RFC immediately after step 3"). Unfortunately, there is no evidence here the ALJ considered Plaintiff's depression as part of the constellation of impairments when determining his RFC. (R. 86-90.) (In contrast, the ALJ did "account[] for claimant's [nonsevere] allergy condition." (R. 90.)) Without this analysis, the ALJ failed to "build an accurate and logical bridge between the evidence of mental impairments" and her ultimate conclusion that Plaintiff remains capable of performing light work. *O'Connor-Spinner*, 832 F.3d at 697. Thus, the Court must remand on this basis.

Just like the Seventh Circuit in *O'Connor-Spinner*, the Court here issues the following directive: on remand the ALJ should determine what limitations are caused by Plaintiff's "severe depression" and "major depressive disorder" and fully explore with a vocational expert the effect of those limitations on Plaintiff's ability to engage in competitive employment. 832 F.3d at 698.

## 4. Conclusion

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court declines to reach a decision on any other bases of error raised by the Plaintiff. Plaintiff's Motion for Summary Judgment (dkt. 22) is GRANTED and Defendant's motion (dkt. 28) is DENIED.

Entered: April 21, 2022

Susan E. Cox,
United States Magistrate Judge